### PERRIN vs. WILSON.

APPEAL from St. Louis Court of Common Pleas.

LESLIE, for Appellant.

CARR, for Appellee.

TOMPKINS, J. delivered the opinion of the court.

Perrin brought his suit before a justice of the peace of St. Louis

county, against Wilson and wife; the wife not being found, the suit was prosecuted against the defendant Wilson, and a judgment was rendered against him in the justices' court. An appeal was taken by Wilson, the defendant, to the court of common pleas of St. Louis county. There judgment being given against Perrin, he appealed to this court.

On the trial before the court of common pleas, the plaintiff, Perrin, gave evidence of a demand against the defendant, Wilson, for money charged to be due, on account of goods sold to the wife, while *sole*, and before marriage. After the evidence was given in the case, the record states, that by consent of the parties, the case was submitted to the court, and it appearing from the papers, (record) that the defendant's wife was not served with process; the court considered that the suit was against the defendant alone, and decided that the plaintiff be non-suited. The plaintiff excepted to this decision of the court. He afterwards moved to set aside this non-suit, and for a new trial. This motion was overruled, and the plaintiff excepted to this last decision also.

The judge of the court of common pleas derives no authority either from the common law, or from the statutes of this State, to compel a plaintiff in his court to take a non-suit. Tilghman Clark vs. Steamboat Mound City, decided at this term; and Wells vs. Gaty, et al, decided at the last term of this court.

The judgment of court of common pleas must be reversed, and the cause remanded.